UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE CHEROKEE BROWN,

Plaintiff,

v.

M. SINGH, *et al.*,

Defendants.

Case No. 2:25-cv-1353-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, has filed two motions for appointment of counsel, ECF Nos. 26 & 29, and another for a preliminary injunction and temporary restraining order, ECF No. 28. I will deny his motions for appointment of counsel and recommend that his motion for preliminary injunctive relief be denied without prejudice.

<u>Motions for Appointment of Counsel</u>

Plaintiff argues that counsel should be appointed on his behalf because his eyesight has worsened, and he will be temporarily blind for an indeterminate amount of time and unable to effectively litigate. ECF No. 26 at 1-6. The immediate motion was drafted by another inmate, Mark Johnson, on plaintiff's behalf. *Id.* at 6. I am not unsympathetic to plaintiff's plight, but appointment of counsel in pro se civil cases is impossible in all but the rarest of circumstances. I cannot require counsel to represent claimants in civil cases and attempts to find counsel often require pausing a case for months while court staff attempt (often without success) to find

1

amenable counsel. I am disinclined to order commencement of that process here, because plaintiff has not shown a likelihood of success on the merits. Accordingly, plaintiff's motion is denied. If he requires additional time to litigate because of his health issues, he may motion for reasonable extensions.

<u>Motion for Preliminary Injunction</u>

Another inmate, Mark Johnson, has filed a declaration on plaintiff's behalf that alleges imminent danger from defendant Singh and requests that a temporary restraining order issue, requiring that all defendants stay out of plaintiff's housing unit. ECF No. 28 at 3. The motion, such as it is, fails because it does not address the *Winter* factors for the issuance of preliminary injunctive relief. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Neither does it, beyond Johnson's unsupported contentions, offer any substantive evidence that plaintiff is in imminent danger from Singh or any other defendant. And absent convincing evidence, courts should not interfere in prison operations. *See Turner v. Safley*, 482 U.S. 78, 88 (1987); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981). Plaintiff may renew this motion with additional evidence and a discussion of the *Winter* factors.

Accordingly, it is ORDERED that:

1. The Clerk of Court is directed to assign a district judge to this action; and

2. Plaintiff's motions to appoint counsel, ECF Nos. 26 &29, are DENIED.

Further, it is RECOMMENDED that plaintiff's motion for preliminary injunction and temporary restraining order, ECF No. 28, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 23, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE