UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>M. SINGH, *et al.*,<br><br>Defendants. | Case No.  2:25-cv-1353-DC-JDP (P)<br><br>ORDER; FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff, a state prisoner, brought this section 1983 action alleging that defendants violated his First and Eighth Amendment rights. ECF No. 12 at 24-26. Pending are plaintiff's motion for injunctive relief, ECF No. 49, and motion to compel, ECF No. 57. Additionally, defendants have filed a motion to revoke plaintiff's *in forma pauperis* status, alleging that he is a "three-striker" within the meaning of section 1915(g). ECF No. 60. I find, for the reasons that follow, that plaintiff's motions should be denied, and defendants' motion should be granted.

Motion for Injunctive Relief

Plaintiff alleges that one of the named defendants, Q. Sharp, physically harassed him on December 24, 2025, after this action was filed. ECF No. 49 at 1-3. He styles the motion as one for injunctive relief, but I cannot tell what specific relief or intervention he is requesting. Moreover, defendants have filed an opposition with evidence contradicting plaintiff's allegations

1

of physical harassment.  They have submitted declarations from defendant Sharp and another correctional officer, Carroll, that attest that Sharp did not physically assault plaintiff.  ECF Nos. 54-2 at 2; 54-3 at 2.  Defendants have also submitted video evidence that contradicts plaintiff's allegations.  ECF No. 54-1 at 2-3 (description of footage from litigation coordinator B. Ebert; the court has also viewed the footage).  In his reply, plaintiff reiterates his allegations but acknowledges that he doesn't know why the camera did not capture the incident.[1]  ECF No. 58 at 1.  In the face of this contradictory evidence, I find that plaintiff's unsupported allegations of harassment are insufficient to make a showing that irreparable harm will befall him if preliminary injunctive relief does not issue.  *See National Wildlife Federation v. National Marine Fisheries Services,* 886 F.3d 803, 822 (9th Cir. 2018) ("Plaintiffs seeking injunctive relief must show that they themselves are likely to suffer irreparable harm absent an injunction.").  Accordingly, I recommend that plaintiff's motion for injunctive relief, ECF No. 49, be denied.

### Motion to Compel

Plaintiff's motion to compel, ECF No. 57, is denied because, as defendants point out in their opposition, discovery is not open, and the case has not yet been scheduled, ECF No. 63.

### Motion to Revoke *in Forma Pauperis* Status

Defendants have filed a motion to revoke plaintiff's *in forma pauperis* status, and argue that he is a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g).  ECF No. 60.  I agree.  The court takes judicial notice of the following cases constituting strikes because each was effectively dismissed for failure to state a claim: (1) *Brown v. Castrillo*, 2:19-cv-0248-MCE-CKD (P), dismissed February 6, 2020 for failure to state a claim; (2) *Brown v. Gutierrez*, 2:21-cv-0655-JAM-CKD (P), dismissed June 29, 2021 for seeking monetary damages from a defendant immune from suit; (3) *Brown v. Katz*, 2:21-cv-2288-JAM-EFB (P), dismissed March 16, 2022 because claim was barred by prior settlement;[2] and (4) *Brown v. People of the State of California*, 5:04-cv-2540-JW (Northern District), dismissed March 15, 2005, on screening because cause of action

---

[1] Defendants arranged for plaintiff to view the footage.  ECF No. 54-1 at 2.

[2] Other courts have found that dismissal on res judicata grounds can generate a "strike" under the PLRA.  *See Lamon v. Pfeiffer*, No.: 1:20-cv-00896-AWI-SAB (PC), 2021 U.S. Dist. LEXIS 153114, *10-11 (E.D. Cal. Aug. 13, 2021).

had not accrued.  Defendants have attached these court documents to their motion, ECF No. 60-1 at 5-37, and I find it appropriate to take judicial notice of them.  *See Chandler v. United States*, 378 F.2d 906, 909-910 (9th Cir. 1967).  Defendants note that one court in the Northern District of California has already found it appropriate to revoke plaintiff's *in forma pauperis* status based on some of the cases listed *supra*.  ECF No. 60-1 at 47-49.  I find this decision persuasive.

Plaintiff might still proceed *in forma pauperis* if his complaint alleged that he was in imminent danger.  It does not.  Plaintiff's amended complaint alleges that, between February and April 2025, he witnessed and was subject to defendants' propensity to use excessive force.[3]  ECF No. 12 at 10.  This action, however, was filed on May 12, 2025.  ECF No. 1.  In his amended complaint, plaintiff does allege that he fears that defendants will retaliate against him for filing this suit, but these non-specific allegations of possible future harm are not sufficient to establish imminent danger.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007) ("[T]he availability of the exception [to Section 1915(g)] turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."); *see also Franks v. Luna*, No. 1:25-cv-0414 JLT EPG (PC), 2025 U.S. Dist. LEXIS 197370, *6 (E.D. Cal. Aug. 12, 2025) ("Plaintiff's past injury—as well as a general fear of 'possible retaliation' do not show imminent danger of serious physical injury.").

Accordingly, it is ORDERED that plaintiff's motion to compel, ECF No. 57, is DENIED.

Further, it is RECOMMENDED that:

1.    Plaintiff's motion for preliminary injunction, ECF No. 49, be DENIED.

2.    Defendants' motion to revoke IFP status, ECF No. 60, be GRANTED, plaintiff's *in forma pauperis* status be revoked, and he be ordered to submit the filing fee within thirty days[4] of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge

---

[3] The use-of-force incident at issue allegedly occurred on March 28, 2025.  ECF No. 12 at 24.

[4] In his second, non-permitted opposition, plaintiff asks that, if his IFP status is revoked, he be given sixty days to submit the filing fee.  ECF No. 67 at 2.  If these recommendations are adopted, and thirty days from that date proves insufficient, plaintiff may motion for a reasonable extension of time.

3

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 23, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE