UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN, Plaintiff, v. M. SINGH, et al., Defendants. | Case No. 2:25-cv-1353-JDP (P) ORDER |

On July 8, 2026, I directed plaintiff to pay the filing fee within thirty days. ECF No. 90. More than two months have passed, and plaintiff has repeatedly assured the court that a family member would soon tender the outstanding balance. *See*, *e.g.*, ECF No. 103 at 1. To date, however, an outstanding balance of $78.12 remains.[1] And, in his most recent "request for confirmation," ECF No. 114, plaintiff incorrectly asserts that he has paid the entire filing fee, accuses the court of stealing his money, and claims that he will be filing a separate lawsuit against the court for extortion. *Id.* at 2-3. As it stands, this action cannot proceed. Thus, I will dismiss this case for failure to comply with court orders.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*,

[1] I have confirmed with the court financial office that this is correct as of September 18, 2026.

216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Plaintiff has failed to comply with my order directing him to pay the filing fee. The public interest in expeditious resolution, the court's need to manage its docket, and the risk of prejudice to defendants all support imposition of the sanction of dismissal. And, given plaintiff's representation in his most recent "request for confirmation" that he believes the court is at fault for the outstanding filing fee and that he will not be tendering the funds, there appears no less drastic alternative that could move this case forward. ECF No. 114 at 3-4. I find that the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby ORDERED[2] that:

1. This action is dismissed without prejudice for failure to comply with court orders.

2. Plaintiff's motion for extension of time, ECF No. 100, and defendants' request for dismissal of case, ECF No. 110, are both denied as moot.

---

[2] The parties have consented to my jurisdiction. ECF No. 89.

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 21, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE